# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| APRIL HOLLY FERGUSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-1421-M |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff April Holly Ferguson, appearing through counsel, filed this action seeking review of a Social Security benefits determination on December 26, 2014. *See* Doc. No. 1. The matter was referred to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Since requesting and receiving leave to proceed *in forma pauperis*, Plaintiff has taken no further action in this case and has neither paid the initial partial filing fee that was ordered by the Court nor shown good cause for her failure to do so. Plaintiff's counsel now has filed a motion seeking to dismiss this case without prejudice to refiling. In light of Plaintiff's failure to prosecute her case, the Court should GRANT the Motion to Dismiss Case Without Prejudice (Doc. No. 7).

### I. Background

On January 12, 2015, the undersigned granted Plaintiff April Holly Ferguson's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) in this action. *See* Order of Jan. 12, 2015 (Doc. No. 4). In this Order, the undersigned

found—based on the information provided by Plaintiff regarding her financial assets, income, and obligations—that Plaintiff was unable to prepay the total requisite fees but had sufficient income and resources to pay an initial partial filing fee and monthly payments thereafter until the filing fee is paid in full, while still providing for the necessaries of life. *See* Order of Jan. 12, 2015.

Plaintiff therefore was ordered to pay an initial partial filing fee of $50 no later than March 1, 2015, to be followed by regular monthly payments of $50 until the total filing fee of $350 applicable to *in forma pauperis* proceedings was paid. *See* Order of Jan. 12, 2015. Plaintiff was advised that if she did not either pay the initial partial filing fee or show good cause for any failure to pay by March 1, 2015, this action would be subject to dismissal without prejudice to refiling, upon which event no fees or costs will be imposed or collected. *See* Order of Jan. 12, 2015.

Plaintiff did not submit the $50 initial payment or any other filing to the Court on or before the deadline of March 1, 2015. Accordingly, the undersigned directed Plaintiff to show cause no later than March 27, 2015, as to why this action should not be dismissed without prejudice to refiling. *See* Order of Mar. 6, 2015 (citing LCvR 3.4(a)).

## II.   Plaintiff's Motion to Dismiss Case Without Prejudice

On March 24, 2015, Plaintiff's attorney filed a Motion to Dismiss Case Without Prejudice (Doc. No. 7). In this Motion, Plaintiff's attorney states that he spoke with Plaintiff regarding the Court's Order to show cause and that "Plaintiff stated she did not wish to pay the filing fee and did not want to pursue her case." Pl.'s Mot. to Dismiss at 1. Plaintiff's counsel further states that he attempted to obtain written verification of

Plaintiff's decision but that Plaintiff has not responded to his attempts to contact her. Plaintiff's attorney has attached documentation to the Motion reflecting his repeated efforts to communicate with Plaintiff. *See* Pl.'s Mot. to Dismiss; Doc. Nos. 7-1, 7-2, 7-3. Plaintiff's counsel additionally informed Plaintiff in writing that withdrawing her case from federal court would end any claim Plaintiff may have for disability benefits for the time period that is before the Court for review in this lawsuit. Doc. No. 7-1 at 3; *see* 20 C.F.R. §§ 404.981 (prescribing a 60-day deadline from claimant's notice of the SSA Appeals Council's action to file an action in federal district court), 416.1481 (same). Plaintiff has submitted no further filings in this matter through her counsel or otherwise.

Because no defendant has answered or moved for summary judgment upon Plaintiff's complaint, Plaintiff may voluntarily dismiss her case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1). By signing the Motion to Dismiss Case Without Prejudice, Plaintiff's attorney has certified that the facts stated therein are supported "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b). Those facts, together with Plaintiff's failure to present any contrary intention to the Court, demonstrate that Plaintiff does not wish to proceed with this lawsuit and require dismissal of this action without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(A); *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (noting that "a plaintiff has an absolute right to dismiss without prejudice"). Further, dismissal of Plaintiff's case would be appropriate in light of Plaintiff's failure to pay the initial partial filing fee as ordered or to show good cause for her failure to do so. *See* LCvR 3.4(a); Fed. R. Civ. P. 41(b). Plaintiff has been given

express notice of the possibility of such dismissal in the Court's Orders of January 12 and March 6, 2015. *See* Doc. Nos. 4, 6. In making this recommendation, the undersigned has considered that dismissal of Plaintiff's action, although without prejudice, would likely be dispositive in effect; however, in light of the representations of Plaintiff's counsel regarding Plaintiff's election to dismiss, and the fact of her failure to pay the initial partial filing fee, dismissal is appropriate.

### III. Recommendation and Notice of Right to Object

For the reasons set forth above, the undersigned recommends that Plaintiff's Motion to Dismiss Case Without Prejudice (Doc. No. 7) be GRANTED.

Plaintiff is advised of her right to file an objection to this Report and Recommendation with the Clerk of this Court by April 22, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 8th day of April, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE